UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-60013-DIMITROULEAS/AUGUSTIN-BIRCH

JEFFREY SANZARE and
SUZANNE SANZARE,

    Plaintiffs,

v.

QBE SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL AND SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' OBJECTIONS

This cause comes before the Court on Defendant QBE Specialty Insurance Company's Motion to Compel and Discovery Memorandum. DE 21; DE 15. Plaintiffs Jeffrey and Suzanne Sanzare filed a Response to Defendant's Discovery Memorandum. DE 17. The Court held a hearing on the parties' discovery dispute on June 16, 2023, via video teleconference. The Court has carefully considered the parties' briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART** and Plaintiffs' objections are **SUSTAINED IN PART AND OVERRULED IN PART**.

As background, this is an insurance dispute in which Plaintiffs allege that Defendant is in breach of contract for refusing to pay for damage to their residence that occurred during the policy period of a property insurance policy that they had with Defendant. DE 11 ¶¶ 4-8. Defendant's counsel sent interrogatories, requests for admissions, and requests for production to Plaintiffs'

counsel on February 7, 2023.  DE 15-1.  On March 17, Defendant's counsel sent Plaintiffs' counsel a letter stating that responses to the discovery were overdue, and Plaintiffs returned discovery responses on March 27.  DE 15-2; DE 15-3.  Defendant's counsel sent Plaintiffs' counsel a letter on April 18 stating that the discovery responses were deficient for various reasons, and Plaintiffs thereafter returned amended discovery responses.  DE 15-4; DE 15-5.  Defendant requested a discovery hearing because it maintains that Plaintiffs' amended discovery responses continue to be deficient.  Plaintiffs' responses to interrogatory numbers 7, 8, 9, and 13 and to request for admission number 13 are the subject of the instant dispute.[1]

      Defendant first contends that, because Plaintiffs did not return discovery responses within 30 days and because, when they did respond, their initial responses were not signed under oath, Plaintiffs have waived all objections, the Court should compel Plaintiffs to fully answer the interrogatories, and the Court should deem the requests for admissions admitted.  DE 15 at 2-3; *see* Fed. R. Civ. P. 33(b)(2), (4) (requiring answers and any objections within 30 days of being served with interrogatories and providing that a ground not stated in a timely objection is waived unless the court excuses the failure for good cause); Fed. R. Civ. P. 36(a)(3) (providing that a request for admission is admitted unless an answer or objection is given within 30 days of being served with the request).  Plaintiffs respond that Defendant did not send the discovery requests to the correct email address at Plaintiffs' counsel's law firm, that the discovery therefore was never calendared for responses, and that Plaintiffs promptly returned their initial responses when they became aware that responses were past due.  DE 17 at 1-2.  The Court has discretion to excuse the untimeliness of discovery responses and to deem objections not waived for good cause.  *See* Fed.

---

[1] The conclusion paragraph of Defendant's Discovery Memorandum states that Defendant also seeks better responses to requests for admissions numbers 3, 10, 11, and 15.  DE 15 at 3.  Defendant clarified during the hearing that the conclusion paragraph contains an error and that the only request for admission at issue is number 13.

R. Civ. P. 33(b)(2), 36(a)(3) (permitting a court to grant additional time to answer interrogatories and requests for admissions); Fed. R. Civ. P. 33(b)(4) (permitting a court to excuse the untimeliness of an objection for good cause).  Here, where there was an issue with the email address to which the discovery was sent and where Plaintiffs promptly returned initial responses when they became aware that responses were past due, the Court exercises its discretion and will not deem interrogatory objections waived or requests for admissions admitted due to untimeliness.

Next, Defendant contends that Plaintiffs' interrogatory responses were deficient because Suzanne Sanzare did not sign them under oath.  DE 15 at 2; *see* Fed. R. Civ. P. 33(b)(3), (5) (requiring answers to interrogatories to be signed under oath).  Plaintiffs respond that Defendant propounded one set of interrogatories to both of them collectively, that the interrogatories contained one signature space, and that Jeffrey Sanzare signed the interrogatory responses under oath on behalf of both Plaintiffs.  DE 17 at 2-3.  As explained below, the Court orders Plaintiffs to again amend their interrogatory responses.  To ensure that the amended responses are binding on both Plaintiffs, both of them must sign the amended responses under oath.

Turning to the interrogatories and objections at issue, interrogatory number 7 and Plaintiffs' response are as follows:

> 7. Describe all prior or subsequent insurance claims you have made on the Property regarding property damages. In your description, include the cause of loss, the date of loss, the damages at issue, the insurance companies involved, and whether the claim was paid or denied.
>
> **ANSWER**: Objection relevance. Not calculated to lead to the discovery of admissible evidence. We did have the flat roof repaired in the past, not sure if a claim was reported.

DE 15-5 at 14.  As the Court explains in its Order Setting Discovery Procedures, the scope of permissible discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and an objection that a discovery request is not

3

calculated to lead to admissible evidence is an objection that is based on an outdated discovery standard. DE 10 at 3-4 (quoting Fed. R. Civ. P. 26(b)(1)). In addition, Plaintiffs' objection to interrogatory number 7 violates that Order's Paragraph II.A. requiring an objection based on relevance to specifically explain why the requested discovery lacks relevance, Paragraph II.B. prohibiting nonspecific, boilerplate objections, and Paragraph II.D. prohibiting objections followed by an answer.[2] *Id.* at 4-5. The Court expects the parties to follow all provisions of the Order Setting Discovery Procedures and any other Orders issued in this case. Moreover, the information sought through interrogatory number 7 is relevant to Plaintiffs' claim against Defendant. For all of these reasons, the Court overrules Plaintiffs' objection to interrogatory number 7 and orders them to provide a complete response to the interrogatory.

Interrogatory number 8 and Plaintiffs' response are as follows:

> 8. Describe all prior repairs/renovations/modifications/maintenance performed to or on the **interior** the Property since the date you purchased the Property to the day before the date of loss of the Claim. In your response, describe in detail the task performed, by whom it was performed, the date of performance, the cost of that task, and the area of the Property where such task was performed.
>
> **ANSWER**: Objection overly broad and unduly burdensome. Not reasonably limited in time or scope.

DE 15-5 at 14. Plaintiffs' objection to interrogatory number 8 violates the Order Setting Discovery Procedures' Paragraph II.B. prohibiting nonspecific, boilerplate objections and Paragraph II.C. requiring objections based on broadness and undue burden to specifically explain the way in which the request is overly broad or unduly burdensome with a supporting statement such as an affidavit.

---

[2] Further, as discussed during the hearing, the parties did not comply with Paragraph II.C. of the Order Setting Discovery Procedures requiring them to confer to narrow the scope of any interrogatories that Plaintiffs objected to as being irrelevant, unduly broad, burdensome, or disproportionate. DE 10 at 5. While the parties did communicate about Plaintiffs' discovery responses, Defendant maintained that all objections were waived due to untimeliness, and the parties never discussed narrowing the scope of any interrogatories.

DE 10 at 4.  Due to Plaintiffs' violations of the Order and their failure to propose a time frame and scope that they believe is reasonable, the Court overrules Plaintiffs' objection to interrogatory number 8 and orders them to provide a complete response to the interrogatory.

Interrogatory number 9 and Plaintiffs' response are as follows:

> 9. Describe all prior repairs/renovations/modifications/maintenance performed to or on the **exterior** the Property—including the roof— since the date you purchased the Property to the day before the date of loss of the Claim. In your response, describe in detail the task performed, by whom it was performed, the date of performance, the cost of that task, and the area of the Property where such task was performed.
>
> **ANSWER**: Objection overly broad and unduly burdensome. Not reasonably limited in time or scope. Notwithstanding said objection and without waiving same, there was roofing performed in 2014 and additional repairs after tropical storm Eta.

DE 15-5 at 14.  Plaintiffs' objection to interrogatory number 9 violates the Order Setting Discovery Procedures' Paragraphs II.B., II.C., and II.D. as the Court has already described those provisions above.  Due to Plaintiffs' violations of the Order and their failure to propose a time frame and scope that they believe is reasonable, the Court overrules Plaintiffs' objection to interrogatory number 9 and orders them to provide a complete response to the interrogatory.

Interrogatory number 13 and Plaintiffs' response are as follows:

> 13. If you contend that there is an ambiguity in the subject insurance Policy that is in need of construction, please state verbatim what provision(s) of the subject insurance Policy is(are) in need of construction and provide the part of the Policy where this provision(s) is found.
>
> **ANSWER**: Objection calls for a legal conclusion.

DE 15-5 at 15.  "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."  Fed. R. Civ. P. 33(a)(2).  "Contention interrogatories are broadly defined as questions that ask an opposing party to state the facts, evidence, or legal theories upon which it bases its specified contention(s) or that ask[] an opponent to explain his or her contention(s)."  *In re Reliance Fin. & Inv. Grp., Inc.*, No. 05-80625-

5

CIV, 2006 WL 8435541, at *3 (S.D. Fla. Feb. 14, 2006) (quotation marks omitted). "The purpose of [contention] interrogatories is to narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Id.*; *see also* Fed. R. Civ. P. 33 advisory committee's note to 1970 amendment (explaining that "requests for opinions or contentions that call for the application of law to fact . . . can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery"). Interrogatory number 13 asks whether Plaintiffs are making a contention (that the QBE insurance policy is ambiguous) and, if so, to identify the facts that purportedly support the contention (the ambiguous policy provisions). Because interrogatory number 13 is a permissible contention interrogatory, the Court overrules Plaintiffs' objection and orders them to provide a complete response to the interrogatory.

Request for admission number 13 and Plaintiffs' response are as follows:

> 13. Admit that the insurance Policy that is the subject of the Claim is unambiguous.
>
> **RESPONSE**: Objection calls for a legal conclusion. See <u>Dillon v Palm Beach County Sheriff's Office</u>, 2018 WL 7624877 (Judge Donald M. Middlebrooks, So. Dist. Fla. 2018) citing to <u>In Re Tobkin</u>, 578 F. App'x 962, 964 (11th Cir. 2014). The Plaintiffs are not attorneys and their opinions regarding the subject insurance policy are neither relevant nor admissible. Also the originally filed declaratory count in this action has been withdrawn.

DE 15-5 at 6. During the hearing, Defendant acknowledged that, if the Court does not deem request for admission number 13 admitted due to untimeliness, Plaintiffs' objection to the request is valid. The Court agrees that Plaintiffs' objection is valid because it asks them to admit a legal conclusion. "A party may not request an admission of a legal conclusion under Rule 36, but only 'facts, the application of law to fact, or opinions about either.'" *In re Tobkin*, 578 F. App'x 962, 964 (11th Cir. 2014) (quoting Fed. R. Civ. P. 36(a)(1)). The Court sustains Plaintiffs' objection to request for admission number 13.

For the foregoing reasons, Defendant QBE Specialty Insurance Company's Motion to Compel [DE 21] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs' objections to interrogatory numbers 7, 8, 9, and 13 are overruled.  By **July 5, 2023**, Plaintiffs must serve on Defendant amended interrogatory responses that include complete response to interrogatory numbers 7, 8, 9, and 13.  Both Jeffrey and Suzanne Sanzare must sign the amended interrogatory responses under oath.  Plaintiffs' objection to request for admission number 13 is sustained.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 21st day of June, 2023.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE